UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael Hugh Kelly,

    Plaintiff,

v.                                                                                           Civil No. 08-4218 (JNE/FLN)
                                                                                ORDER

Police Sgt. Dan Malmgren,
Police Officer Cory Tell,
Police Sgt. Peck,
Police Officer "A",
Police Officer "B", and
City of St. Paul,

    Defendants.

---

Peter J. Nickitas, Esq., Peter J. Nickitas Law Office, L.L.C., Gena L. Berglund, Esq., Berglund & Magnuson, P.L.L.C., and Theodore D. Dooley, Esq., Ted Dooley Law Offices, LLC, appeared for Plaintiff Michael Hugh Kelly.

Portia M. Hampton-Flowers, Esq., St. Paul City Attorney's Office, appeared for Defendants City of St. Paul, Police Sgt. Dan Malmgren, Police Officer Cory Tell, Police Sgt. Peck, Police Officer "A", and Police Officer "B".

---

      Michael Hugh Kelly brings this action against the City of St. Paul (City) and five City police officers under 42 U.S.C. § 1983 (2000) claiming violations of his rights under the First and Fourth Amendments to the United States Constitution. Kelly also claims violations of his rights to freedom of speech and freedom from unreasonable seizures under the Minnesota Constitution, alleges the City violated the Minnesota Government Data Practices Act (MGDPA), Minn. Stat. §§ 13.01-.99 (2006), and makes claims under Minnesota law for false arrest, false imprisonment, conversion, and malicious prosecution. The case is before the Court on Kelly's motion to compel the City to comply with the MGDPA. The Court heard oral argument on October 10, 2008. For the reasons set forth below, the Court denies Kelly's motion.

1

## I.     BACKGROUND

On June 3, 2008, Kelly was distributing pamphlets outside of the Xcel Energy Center in downtown St. Paul shortly before a rally for Senator Barack Obama (Obama rally).  City police arrested Kelly, confiscated his pamphlets, and cited him for peddling under section 345.08 of the St. Paul Legislative Code.  The City later determined the arrest was in error and cancelled the citation.  On June 5, 2008, City Mayor Chris Coleman issued a public apology to Kelly via the Pioneer Press and the Star Tribune.

On June 30, 2008, Kelly served a written request for government data on the City's responsible authority in accordance with the MGDPA.  Ten of the eleven items listed in the request were directed to data concerning Kelly.  The eleventh item was directed to data concerning the City's instructions, plans, directives, or mission statements addressing responses to demonstrations, leafleteers, or picketers outside of the Xcel Energy Center during the Obama rally or the Republican National Convention.  On July 2, 2008, Kelly brought this lawsuit.  On July 21, 2008, one day before Defendants answered his original Complaint, Kelly amended his complaint to include a claim against the City for violation of the MGDPA.

On July 29, 2008, the City responded to Kelly's MGDPA request with a number of documents and indicated in an accompanying letter that the City was "still in the process of determining whether there is additional [responsive] data" and that "[a]dditional responsive data, if any, will be produced . . . once it is available."  Defendants answered Kelly's Amended Complaint on August 6, 2008.  On August 10, 2008, Kelly moved to compel compliance with the MGDPA with respect to public and private data "of and concerning" him.[1]  Kelly also sought damages, attorney fees, and a civil penalty of $300 pursuant to Minn. Stat. § 13.08, subd. 4(a).

---

[1]     Kelly does not claim the City's response to the eleventh item in his request violated the MGDPA.

On August 29, 2008, the City provided additional data to Kelly and again indicated that it was in the process of locating any additional data. The City has since supplemented its response twice.

## II. DISCUSSION

The MGDPA governs "the collection, creation, storage, maintenance, dissemination, and access to government data in government entities." Minn. Stat. § 13.01, subd. 3. An individual who is the subject of stored public or private government data has the right to access and receive copies of such data. *Id.* § 13.04, subd. 3. If possible, the responsible authority must respond immediately to such a request. *Id.* If an immediate response is not possible, the responsible authority has ten days, excluding Saturdays, Sundays, and legal holidays, to comply. *Id.*

### A. Timing of the City's Response

Kelly first contends that the City violated the MGDPA because the City did not provide data concerning him within ten days. The City's deadline for responding to Kelly's request of June 30, 2008, was July 15, 2008. *See* Minn. Stat. § 13.04, subd. 3. The City does not dispute that it first provided data concerning Kelly on July 29, 2008. The City's late response violated the MGDPA.

### B. Additional Data Concerning Kelly

Kelly also contends that the City violated the MGDPA because it has additional data concerning him that it has not yet provided to him. Kelly argues that the City's provision of an e-mail with a "Fwd: Fw: Obama arrest" subject line presupposes previous "Obama arrest" e-mails. According to the City, the subject line reflects that a single e-mail was forwarded on two occasions. Kelly also argues that the provision of a second e-mail with a "Re: Obama arrest" subject line presupposes at least one previous e-mail and that the previous e-mail included with the "Re: Obama arrest" e-mail is an excerpt of a longer e-mail. The City responds that the

3

original e-mail was included in its entirety with the "Re: Obama arrest" e-mail. Further, at oral argument, the City represented to the Court that no additional e-mails concerning Kelly exist.[2]

Kelly also seeks data relating to Mayor Coleman's public apology and handwritten notes by the police officers who wrote the formal police reports. The City responds that no handwritten notes exist and that, because Mayor Coleman's communications with the City's press office were oral, no responsive data relating to Mayor Coleman's apology exists.

Although Kelly postulates the existence of additional data concerning him, he has put forth no evidence suggesting that any additional data exists. To the extent that Kelly seeks information not in tangible form, information does not become government data within the meaning of the MGDPA until the information is recorded somewhere other than the human brain. *See Keezer v. Spickard*, 493 N.W.2d 614, 628 (Minn. Ct. App. 1992). The Court will not order the City to produce non-existent data.

**C.  Damages**

Kelly contends that, under the MGDPA, he is entitled to damages in the amount of $18.29 because the City discarded 189 of the 200 pamphlets it confiscated from him.[3] Kelly claims that these pamphlets became government data within the meaning of the MGDPA when the City confiscated them because the pamphlets are information recorded in a tangible medium. Kelly cites no legal authority supporting the conclusion that evidence seized during an arrest becomes government data within the meaning of the MGDPA simply because it contains

---

[2]  At oral argument, the City informed the Court that it has undertaken disaster recovery procedures to determine if any responsive e-mails were deleted. Kelly does not challenge the deletion of any e-mails in this motion.

[3]  Kelly calculates his damages by multiplying 189 pamphlets by $0.09 (cost of photocopying per pamphlet) and adding 7.5% sales tax. If, as the Court believes, sales tax in the City is not 7.5%, but 7.25%, Kelly's claimed damages are reduced to $18.24.

4

information. Under Kelly's theory, a car seized during an arrest would become government data because the car includes information in the form of a Vehicle Identification Number. The purpose of the MGDPA is "to reconcile the rights of data subjects to protect personal information from indiscriminate disclosure with the right of the public to know what the government is doing." *Montgomery Ward & Co. v. County of Hennepin*, 450 N.W.2d 299, 307 (Minn. 1990) (quoting Gemberling & Weissman, *Data Privacy: Everything You Wanted to Know About the Minnesota Government Data Practices Act—From "A" to "Z"*, 8 Wm. Mitchell L. Rev. 573, 575 (1982)). The Court declines to extend the damages provision of the MGDPA so far beyond the established purpose of the MGDPA or to insert the MGDPA into every criminal seizure.[4]

**D.     Costs, Disbursements, Attorney Fees, and Civil Penalty**

Kelly also seeks costs, disbursements, and reasonable attorney fees. The MGDPA permits a court to award costs, disbursements, and attorney fees to an "aggrieved person." Minn. Stat. § 13.08, subd. 4(a). An "aggrieved person" is one who is denied "access to data that is available as a matter of right" under the MGDPA. *Shade v. City of Farmington, Minn.*, 309 F.3d 1054, 1063 (8th Cir. 2002) (quoting and citing *Wiegel v. City of St. Paul*, 639 N.W.2d 378, 384 (Minn. 2002)). The City does not contest that Kelly was entitled to data on him as a matter of right, but argues that Kelly is not an aggrieved person because he was not "denied access" to the data he requested. Kelly contends that he is an aggrieved person because the City's response to his request was incomplete and the City destroyed his pamphlets.

The Court need not determine whether Kelly is an aggrieved person. Even if Kelly were an aggrieved person, whether to award costs, disbursements, and reasonable attorney fees

---

[4]     Any claim for damages resulting from the destruction of Kelly's pamphlets is better suited to Kelly's conversion claim.

remains within the discretion of the Court.  *See Wiegel*, 639 N.W.2d at 385 (citing Minn. Stat. § 13.08, subd. 4(a)).  Kelly has not identified any damages caused by the City's late response, nor has Kelly shown that the City is withholding any data concerning him.  For these reasons, an award of costs, disbursements, and reasonable attorney fees is not warranted.

Finally, Kelly asks the Court to impose a civil penalty of $300 against the City.  The MGDPA predicates the imposition of a civil penalty on the issuance of an order compelling compliance with the MGDPA.  Minn. Stat. § 13.08, subd. 4(a) ("If the court issues an order to compel compliance under this subdivision, the court may impose a civil penalty of up to $300 against the government entity.").  Because the Court has determined that an order compelling the City's compliance with the MGDPA is not warranted, a civil penalty is inappropriate.

### III.   CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Kelly's Motion to Compel Compliance with Minnesota Government Data Practices Act [Docket No. 6] is DENIED.

Dated:  October 15, 2008

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
